Todd M. Friedman (216752)
Law Offices of Todd M. Friedman, P.C.
21031 Ventura Blvd., Suite 340
Woodland Hills, CA 91364
Phone: 818-619-3774
tfriedman@toddflaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD FLAVIO**,** <br><br> Plaintiff, <br><br> vs. <br><br> AMITY ONE TAX; and DOES 1 through 10, inclusive, and each of them**,** <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Case No.

**COMPLAINT FOR DAMAGES**

1.  NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(c)]

2.  WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(c)]

**DEMAND FOR JURY TRIAL**

_____

## NATURE OF THE CASE

1.      This is an action for damages brought by an individual consumer for Defendant's violations of the Telephone Consumer Protection Act., 47 U.S.C. §227, *et seq.* (hereinafter "TCPA"). Plaintiff brings this action as a result of the illegal actions of AMITY ONE TAX ("Defendant"), who negligently, knowingly,

and/or willfully placed repeated telemarketing calls to Plaintiff's cellular telephone despite Plaintiff's requests to opt out, in violation of both the national and internal Do-Not-Call provisions of the TCPA.

## JURISDICTION & VENUE

2.    Jurisdiction is proper under 28 U.S.C. § 1331 because this action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"), a federal statute. The TCPA provides for private rights of action, and this Court has original jurisdiction over Plaintiff's claims.

3.    Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in Contra Costa County and a substantial part of the events giving rise to this action occurred in this District.

## PARTIES

4.    Plaintiff, Todd Flavio LOWRY ("Plaintiff"), is a natural person residing in San Ramon in the state of California and is a "person" as defined by 47 U.S.C. § 153 (10).

5.    Plaintiff is informed and believes, and thereon alleges, that Defendant AMITY ONE TAX is a company conducting business in the State of California, including within this District. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

6. The above-named Defendants, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

7. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendant(s) and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendant(s). Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendant(s).

## FACTUAL ALLEGATIONS

8. Beginning at least four months before the filing of this Complaint, Plaintiff began receiving repeated and unwanted telemarketing calls to his personal cellular phone number from Defendant, using a variety of spoofed or unrecognized numbers.

9. These calls were made to promote tax relief or settlement services offered by Defendant. The messages left by the callers were vague or anonymous but directed Plaintiff to return the call to one of several callback numbers.

10. Upon returning these calls, Plaintiff was routed to the same hold music and queue system each time, regardless of the originating number, revealing that the calls came from a single source.

11. Defendant never obtained Plaintiff's express written consent to call his cellular phone for marketing purposes.

12. Plaintiff requested on multiple occasions that the calls cease and that his number be placed on Defendant's internal Do-Not-Call list. Despite these requests, Defendant continued to place calls to Plaintiff.

13. Calls occurred multiple times per week—ranging from 7 to 15 calls weekly—over a sustained four-month period.

14. The incoming calls came from rotating caller IDs and area codes, including but not limited to the following callback numbers, which left voicemail messages instructing Plaintiff to return the call:

- December 18, 2024 at 8:45 AM — 833-914-0186
- December 18, 2024 at 8:37 AM — 833-914-0053
- December 16, 2024 at 10:28 AM — 888-485-1130
- December 13, 2024 at 3:26 PM — 888-409-7211

- December 13, 2024 at 2:13 PM — 888-485-0796

- December 13, 2024 at 8:26 AM — 888-421-0980

- December 12, 2024 at 2:31 PM — 877-867-5139

15.    The telephone number that Defendants, or their agents, called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

16.    These calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

17.    Plaintiff never provided Defendants or their agents with prior express consent to contact Plaintiff's cellular telephone and leave voicemails, pursuant to pursuant to 47 U.S.C. § 227 (b)(1)(A).

18.    Plaintiff expressly advised Defendant that he did not wish to receive further calls and requested that his number be placed on Defendant's internal Do-Not-Call list. Despite this clear revocation, the calls continued.

19.    Defendant continued to place unsolicited telemarketing calls to Plaintiff's cellular telephone without consent, including calls from multiple phone numbers in a single day using varying area codes..

20.    On at least one occasion, Defendant's agent falsely assured Plaintiff that his number would be removed. Other times, the call disconnected or no live representative was available.

21.    At all relevant times, Plaintiff's cellular telephone number was registered on the National Do Not Call Registry. Defendants' actions therefore violated both internal and external do-not-call restrictions under the TCPA.

22.    Plaintiff has documented numerous instances of Defendants' unlawful conduct, including:

    a. Multiple calls per week, ranging from 7 to 15 calls weekly, sustained over at least a four-month period;

    b. Voicemail messages left by unidentified agents, all directing Plaintiff to call back different phone numbers;

    c. Return calls routing Plaintiff to the same hold music and system, indicating a single source or origin despite the use of different numbers:

23.    These calls constitute telephone solicitations as defined under 47 C.F.R. § 64.1200(f)(15), as they were attempts to promote or sell Defendant's tax resolution services.

24.    Plaintiff received more than ten telephone solicitations within a 12-month period, in violation of 47 C.F.R. § 64.1200(c)(2).

25.    Defendants' conduct violated the TCPA by:

    a) Failing to establish and implement reasonable practices and procedures to prevent telephone solicitations to persons listed on the National Do Not Call Registry, as evidenced by Plaintiff receiving repeated telemarketing calls from

Defendant despite his number being registered on the National Do Not Call Registry prior to the initiation of those calls, in violation of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c).

b) Failing to maintain and honor an internal Do Not Call policy, and continuing to place telemarketing calls to Plaintiff's cellular phone after he expressly requested that the calls stop and that his number be added to Defendant's internal Do Not Call list, in violation of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(d).

## FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**
**47 U.S.C. §227(c)**
(National and Internal Do-Not-Call Violations)

26.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-25.

27.    Defendant's conduct in placing unsolicited telemarketing calls to Plaintiff's telephone number—despite Plaintiff's number being registered on the National Do Not Call Registry and after Plaintiff expressly requested that the calls stop—constitutes negligent violations of the TCPA, specifically 47 U.S.C. § 227(c) and the implementing regulations at 47 C.F.R. §§ 64.1200(c) and 64.1200(d).

28.    As a result of Defendant's negligent violations of 47 U.S.C. § 227(c), Plaintiff is entitled to an award of $500.00 in statutory damages for each violation, pursuant to 47 U.S.C. § 227(c)(5).

29.    Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

### SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**
**47 U.S.C. §227(b)**
(National and Internal Do-Not-Call Violations)

30.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-25.

31.    The foregoing conduct by Defendant was committed knowingly and/or willfully in violation of 47 U.S.C. § 227(c), including violations of the National Do Not Call rules (47 C.F.R. § 64.1200(c)) and the internal Do Not Call policy requirements (47 C.F.R. § 64.1200(d)).

32.    As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(c), Plaintiff is entitled to an award of up to $1,500.00 in statutory damages for each such violation, pursuant to 47 U.S.C. § 227(c)(5).

33.    Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

a. For statutory damages of $500.00 for each negligent violation of the Telephone Consumer Protection Act, pursuant to 47 U.S.C. § 227(c)(5)(B);

b. For statutory damages of up to $1,500.00 for each knowing and/or willful violation of the Telephone Consumer Protection Act, pursuant to 47 U.S.C. § 227(c)(5)(C);

c. For injunctive relief prohibiting Defendant, and its agents, representatives, and those acting on its behalf, from making further telemarketing calls to Plaintiff in violation of the TCPA;

d. For costs of suit and reasonable attorney's fees as permitted by law; and

e. For such other and further relief as the Court may deem just and proper.

34.    Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.


Respectfully submitted this 1st Day of July, 2025.



By:    s/Todd M. Friedman
       Todd M. Friedman, Esq.
       Law Offices of Todd M. Friedman, P.C.
       Attorney for Plaintiff